## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

ROBERT PEOPLES,               )
                              )
      Plaintiff,          )
                              )
vs.                           )      Case No. 4:11-cv-03464-IPJ-JEO
                              )
CORIZON HEALTH SERVICES,      )
et al.,                       )
                              )
      Defendants.         )

## **ORDER**

The magistrate judge filed a report and recommendation on July 3, 2012, recommending that plaintiff's Eighth Amendment medical care claims against Commissioner Kim Thomas, Warden Carter Davenport, and Assistant Warden Joseph Headley be dismissed for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).  (Doc. 12.)  It was further recommended that plaintiff's Eighth Amendment medical care claims against Corizon Health Services, Dr. William Talley, Health Director Colleen Oakes, and Nurse Thomas be referred to the magistrate judge for further proceedings.  *Id*. On July 11, 2012, plaintiff filed objections to the report and recommendation.  (Doc. 13.)

In his objections, plaintiff alleges that pursuant to ADOC policy, medical grievances are directed to the assistant wardens of prison facilities.  He claims,

therefore, Assistant Warden Headley is liable for violating his right to medical care. A defendant may be held liable for an Eighth Amendment violation only if he had "knowledge of the [plaintiff's] particular medical condition," *Hill v. DeKalb Youth Detention Ctr*, 40 F.3d 1176, 1191 (11th Cir. 1994), *abrogated on other grounds by Hope v. Pelzer*, 536 U.S. 730 (2002), and he acted intentionally or recklessly to deny or to delay "access to medical care" or to interfere "with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *see Mandel v. Doe*, 888 F.2d 783, 788 (11th Cir. 1989.)  Plaintiff merely assumes that Headley was made aware of plaintiff's medical condition.  Even if Headley was aware of plaintiff's condition, plaintiff does not allege that Headley's failure to provide him with proper medical care was intentional.  Therefore, plaintiff has failed to sufficiently allege an Eighth Amendment claim against Headley.

Plaintiff does not allege in his amended complaint that Commissioner Thomas and Warden Davenport were personally involved in his medical care.  Instead, plaintiff argues that Thomas and Davenport are liable based on their duties and responsibilities as Commissioner and Warden, respectively.  However, plaintiff cannot rely on doctrines of vicarious liability or respondeat superior in establishing liability pursuant to § 1983.  *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 90-92 (1978); *Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir. 1995). Absent some allegation

that Thomas and Davenport knew of, sanctioned, participated in, or were otherwise causally connected to the constitutional violations complained of, a claim against them based on the actions of their subordinates is insufficient to state a cause of action under 42 U.S.C. § 1983. *Id.*

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby **ADOPTED** and the magistrate judge's recommendation is **ACCEPTED**. It is therefore **ORDERED**, **ADJUDGED**, and **DECREED** that all of plaintiff's claims in this action except his Eighth Amendment medical care claims against Corizon Health Services, Dr. Talley, Health Director Oakes, and Nurse Thomas are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). It is further **ORDERED** that plaintiff's Eighth Amendment medical care claims against Corizon, Talley, Oakes, and Thomas are **REFERRED** to the magistrate judge for further proceedings.

**DONE**, this the 10th day of August 2012.

INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE