IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

ROBERT PEOPLES,                )
                               )
        Plaintiff,             )
                               )
v.                             )        CV 11-3464-IPJ-JEO
                               )
CORIZON HEALTH SERVICES, et al., )
                               )
        Defendants.            )

### MEMORANDUM OPINION

Pending before the court is defendant Anissa Thomas's motion for summary judgment (doc. 39). After dismissing plaintiff's Eighth Amendment claims against all other defendants as well as his deliberate indifference claim against Thomas, this court ordered Thomas to file an answer to plaintiff's complaint of excessive force (doc. 35). Pursuant to the court's order, Thomas filed a Supplement Special Report (doc. 39), and the court construed the report as a motion for summary judgment (doc. 40). Although the court ordered plaintiff to respond to Thomas's summary judgment motion within twenty days of the date of entry of the court's Order (doc. 40), plaintiff failed to do so. For the reasons discussed below, the court finds that defendant's motion for summary judgment is due to be granted.

1

## STATEMENT OF FACTS

In his amended complaint, plaintiff alleged that he complained to Thomas, a registered nurse, about a spinal injury and plaintiff's inability to receive treatment for the pain (doc. 10 p. 7). Plaintiff further alleged that Thomas told him that he would not see the doctor. Thomas then allegedly instructed plaintiff to stand against a wall where Thomas, for no apparent reason, "struck plaintiff in the back with tremendous force causing further increase in pain." *Id.* Plaintiff claimed that he screamed "your [sic] hurting me" as he turned to see Thomas smiling at other nurses in the room. *Id.* Plaintiff also claimed that he suffered a shoulder injury while carrying laundry bags and although he continued to request medical attention for his pain, Thomas prevented him from seeing a doctor. *Id.* pp. 8–9.

## STANDARD OF REVIEW

A court may grant a movant's motion for summary judgment "when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Jean-Baptiste v. Gutierrez*, 627 F.3d 816, 820 (11th Cir. 2010); *Hamilton v. Southland Christian School, Inc.*, 680 F.3d 1316, 1318 (11th Cir. 2012). In determining whether to grant the motion, the court must view "the evidence and all reasonable inferences from that evidence. . . in the light

most favorable to the nonmovant." *Jean-Baptiste*, 627 F.3d at 820 (11th Cir. 2010); *Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011). However, the court need only draw those inferences "to the extent supportable by the record." *Penley v. Eslinger*, 605 F.3d 843, 848 (11th Cir. 2010). Once met by the moving party, the burden shifts to the non-moving party to come forward with evidence to establish each element essential to that party's case sufficient to sustain a jury verdict. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990).

## **DISCUSSION**

Plaintiff has failed to respond to defendant's Supplemental Special Report, which this court treated as a motion for summary judgment. "[T]he plain language of Rule 56 . . . mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Johnson v. Bd. of Regent of the Univ. of Ga.*, 263 F.3d 1234, 1243 (11th Cir. 2001). The sole issue in plaintiff's case against defendant Thomas is whether Thomas used excessive force against plaintiff by striking plaintiff in the back. In her motion for summary judgment, Thomas explicitly and vehemently denies having struck plaintiff. *See* Thomas Aff. p. 2 (doc. 39 p. 11) ("At no time have I

ever assaulted or had any physical altercation whatsoever with Mr. Peoples."). In fact, Thomas asserts that the only incident between Thomas and Peoples recorded in plaintiff's medical chart is when Correctional Officer McDowell ordered Peoples to leave the medical unit on January 25, 2011 after Peoples declared that he would see the doctor one way or the other. *See* Doc. 39 p. 6, 19. Because defendant's evidence that she used no force, less yet excessive force, in treating the plaintiff is uncontradicted, plaintiff has not established the existence of the sole element essential to his case and on which he would bear the burden of proof at trial. Thus, the court finds that summary judgment in favor of the defendant is appropriate.

## CONCLUSION

Based upon a consideration of the foregoing, the court finds that defendant's motion for summary judgment (doc. 39) is due to be **GRANTED**. The court shall grant said motion by separate Order.

**DONE** and **ORDERED** this 7th day of July 2014.

_____
INGE PRYTZ JOHNSON
SENIOR U.S. DISTRICT JUDGE